**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2068
_____

JEFFERSON GUARDADO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A209-346-147)
Immigration Judge:  Honorable Paul M. Gagnon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2018
Before:  GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 24, 2019)
_____

OPINION[*]
_____

PER CURIAM

Jefferson Guardado petitions pro se for review of a final order of removal.  For the

reasons that follow, we will dismiss the petition in part and deny it in part.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Guardado is a citizen of El Salvador. He first entered the United States in 2008, at the age of 26. In 2017, the Government charged Guardado with being removable as an alien present in the United States without being admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). Through counsel, Guardado conceded his removability but applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). On October 23, 2017, Guardado had an individual hearing before an Immigration Judge (IJ) on his application for relief.

Guardado testified that he witnessed a murder by MS-13 gang members in 2008. Guardado had no involvement with the gang. After the murder, gang members approached Guardado and told him that he "had not seen anything." A.R. at 370. Guardado hid at home for several days while gang members stopped by to ask if the police had asked him any questions. Guardado did not tell the police what he witnessed. When a former classmate told Guardado that the gang was planning to kill him, he moved to a relative's home. Two armed gang members found him, asked him why he was hiding, and "showed [him] the[ir] weapons." A.R. at 373. Guardado decided to leave El Salvador after this incident. Soon after Guardado left, the Salvadoran police arrested several of the gang members responsible for the murder that Guardado witnessed.

Guardado believes that gang members will target him if he were to return to El Salvador because gang members frequently ask his stepfather, who still lives in his town, where Guardado lives. Guardado also contends that country conditions in El Salvador

2

have worsened substantially since he left and that the gang can find him anywhere he goes. Finally, Guardado testified that he supports his two minor children financially and that they would suffer if he were forced to return to El Salvador.

Although the IJ found Guardado's testimony credible, he denied Guardado's application on November 3, 2017. The Board of Immigration Appeals (BIA) affirmed on April 17, 2018. The BIA concluded that Guardado's asylum claim was time-barred because he did not file his asylum application within one year of his last entry into the United States and did not demonstrate that any changed circumstances triggered an exception to that filing deadline. Next, the BIA determined that Guardado was not entitled to withholding of removal because regardless of whether he belonged to a particular social group, he had not suffered past persecution and could not show a likelihood of future persecution.[1]

Finally, the BIA construed Guardado's submission of additional documents with his brief on appeal as a motion to remand his case. The additional documents Guardado submitted included information about country conditions in El Salvador, personal biometric information, financial information, letters of support from family members and friends, medical documentation about his son, documentation about his daughter's

---

[1] The BIA also determined that Guardado had abandoned his CAT claim on appeal by failing to meaningfully discuss it in his brief. The IJ concluded that Guardado was not entitled to CAT relief because he had not shown that it was more likely than not that he would be tortured if he returned to El Salvador.

asylum case,[2] and an attorney misconduct complaint filed against the attorney who represented him before the IJ. Guardado argued that his attorney should have submitted these documents with his application to the IJ and that his failure to do so rendered his representation ineffective.

The BIA determined that Guardado had failed to show how any of these documents demonstrated his eligibility for relief and denied his request to remand the case. The BIA also concluded that Guardado had not complied with procedural requirements to raise an ineffectiveness claim, and that in any event, he had not shown prejudice stemming from his attorney's alleged errors. Guardado timely petitioned for review.

## II.

We have jurisdiction to review Guardado's final order of removal pursuant to 8 U.S.C. § 1252(a)(1), subject to the discussion below. Where, as here, the BIA affirmed and partially reiterated the IJ's determinations, we review both decisions. See Sandie v. Attorney Gen. of the U.S., 562 F.3d 246, 250 (3d Cir. 2009). We review the agency's factual findings for substantial evidence. See Mendez-Reyes v. Attorney Gen. of the U.S., 428 F.3d 187, 191 (3d Cir. 2005). Under this deferential standard of review, we must uphold those findings "unless the evidence not only supports a contrary conclusion, but compels it." See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). We

---

[2] In 2012, Guardado's daughter came to the United States after gang members threatened to abduct her. She later received asylum.

4

review the BIA's denial of a motion to remand for abuse of discretion.  See Huang v. Attorney Gen. of the U.S., 620 F.3d 372, 390 (3d Cir. 2010).

III.

First, this Court lacks jurisdiction to review the BIA's conclusion that Guardado failed to show changed circumstances that could excuse the late filing of his asylum application.[3]  See 8 U.S.C. § 1158(a)(3); Sukwanputra v. Gonzales, 434 F.3d 627, 634-35 (3d Cir. 2006).  Guardado challenges only the BIA's factual determinations regarding the timeliness of his asylum claim, which are beyond the scope of this Court's review.  See Sukwanputra, 434 F.3d at 634; see also Jarbough v. Attorney Gen. of the U.S., 483 F.3d 184, 189 (3d Cir. 2007) ("[C]hallenges to the BIA's extraordinary or changed circumstances determinations do not constitute 'questions of law' within the meaning of [8 U.S.C.] § 1252(a)(2)(D).").  Guardado has not raised any constitutional claims or questions of law regarding the timeliness of his asylum application.  See 8 U.S.C. § 1252(a)(2)(D).  Accordingly, Guardado's petition will be dismissed to the extent that he challenges the BIA's disposition of his asylum claim.

Next, to establish eligibility for withholding of removal, Guardado was required to show a clear probability that he would be persecuted in El Salvador on account of a protected ground — in this case, his membership in a particular social group.  See 8 C.F.R. § 1208.16(b); Valdiviezo-Galdamez v. Attorney Gen. of the U.S., 663 F.3d 582,

---

[3]  It is undisputed that Guardado did not file his asylum application within the one-year filing deadline.  See 8 U.S.C. § 1158(a)(2)(B).

591 (3d Cir. 2011). Guardado's primary argument in his brief is that he belongs to particular social group, but regardless of whether he could make such a showing, his claim fails at the next step in the analysis.

The BIA did not err in concluding that Guardado could not show past persecution or a likelihood of future persecution. "[W]e have limited the type of threats constituting persecution to only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." Chavarria v. Gonzalez, 446 F.3d 508, 518 (3d Cir. 2006) (internal quotation marks omitted). As the BIA determined, the few veiled, unfulfilled threats made against Guardado are insufficient to establish past persecution. See Gomez-Zuluaga v. Attorney Gen. of the U.S., 527 F.3d 330, 341 (3d Cir. 2008) (noting that "unfulfilled threats of physical mistreatment" must be "sufficiently imminent or concrete for the threats themselves to be considered past persecution") (internal quotation mark omitted); Li v. Attorney Gen. of the U.S., 400 F.3d 157, 164 (3d Cir. 2005) ("[U]nfulfilled threats must be of a highly imminent and menacing nature in order to constitute persecution."). As for future persecution, the BIA properly concluded on this record that Guardado could not show a clear probability of future persecution but rather, as the IJ discussed, only that he may be subjected to the overall high rate of criminal activity in El Salvador.[4] See Konan v. Attorney Gen. of the

---

[4] Additionally, although the BIA concluded that Guardado had waived a challenge to the IJ's denial of CAT relief, Guardado's references to his CAT claim in his BIA brief were sufficient to have exhausted his administrative remedies regarding that issue. See Lin v. Attorney Gen. of the U.S., 543 F.3d 114, 121 (3d Cir. 2008) ("[S]o long as an

6

U.S., 432 F.3d 497, 506 (3d Cir. 2005); Abdille, 242 F.3d at 494-95.

Finally, the BIA did not abuse its discretion when it denied Guardado's motion to remand, and its factual findings are supported by substantial evidence. See Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002). Guardado has not explained how the submission of these documents could have affected the outcome of his initial application, as the documents do not address any of the above issues. Additionally, as the BIA determined, Guardado did not substantially comply with the procedural requirements of In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), for raising an ineffective assistance of counsel claim. The record does not indicate that Guardado attempted to inform his prior counsel of his claim or give him an opportunity to respond. See Fadiga v. Attorney Gen. of the U.S., 488 F.3d 142, 155 (3d Cir. 2007). Further, on this record, Guardado cannot establish that the BIA erred when it concluded that he failed to show that his prior counsel's alleged errors prejudiced him. See Contreras v. Attorney Gen. of the U.S., 665 F.3d 578, 584 (3d Cir. 2012).

Accordingly, we will dismiss Guardado's petition in part and deny it in part.

---

immigration petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies."). Thus, it appears that we have jurisdiction to review the denial of CAT relief in this case. See 8 U.S.C. § 1252(d)(1); Lin, 543 F.3d at 120-21. However, Guardado makes no meaningful arguments on appeal as to why the IJ's denial of CAT relief was incorrect. A showing of generalized violence in El Salvador cannot demonstrate that it is more likely than not that Guardado will be tortured if he returned there. See Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002).